**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0098n.06
Filed: February 8, 2006

**No. 04-3726**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ADHAM MACKIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | PETITION FOR REVIEW OF A |
| | ) | DECISION OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ALBERTO R. GONZALES, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: SILER, SUTTON, and COOK, Circuit Judges.

**PER CURIAM**. Petitioner Adham Mackie seeks review of the streamlined decision of the Board of Immigration Appeals (BIA), which adopted the Immigration Judge's (IJ) denial of his request for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16. The IJ ruled that Mackie's application was untimely. He also considered the merits of and denied Mackie's asylum, withholding, and CAT claims. We DENY Mackie's petition for review.

Mackie was born in Sierra Leone and is of Lebanese ethnicity. He entered the United States in 1992 as a temporary visitor on business. On July 10, 1992, he filed an administrative asylum application with an immigration officer. He eventually signed the application in February 1997 but later withdrew it in July 1997. Removal proceedings were initiated against Mackie in 2000 and he

filed a second application for asylum in July 2001, more than nine years after his arrival in the United States.

The IJ noted that the first asylum application stated that Mackie was seeking asylum because (1) even though he was born in Sierra Leone, he was from a non-black background and was never accepted; and (2) the only opportunities for social advancement belong to indigenous Sierra Leoneans. In his second asylum application, Mackie stated that because he came from a wealthy and politically connected family aligned with former president Momoh, his life was in danger. The IJ emphasized that the applications were totally different. The IJ also noted conflicts between the testimonies of Mackie and his father, Shaffic Mackie, as to whether they attempted to sell his beach home in Sierra Leone. The IJ also discussed a letter from Arthur W. Lewis, a former U.S. Ambassador to Sierra Leone, and noted that it did not show persecution.

The IJ has discretion to grant asylum to any alien who qualifies as a "refugee." 8 U.S.C. § 1158(a) & (b). The BIA's decision will be upheld "as long as it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Id.* (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). Reversal is only warranted if this court "finds that the evidence not only supports a contrary conclusion, but *compels* it." *Id.* Where, as in this case, the BIA affirms the IJ's decision without opinion, we review the IJ's decision under the substantial evidence standard. *Hassan v. Gonzales*, 403 F.3d 429, 434 (6th Cir. 2005).

Mackie's first and second claims will be analyzed together, as they are closely intertwined. Mackie claims that he established a well founded fear of persecution, and that the IJ's denial, based in part upon Mackie's lack of credibility, was error. First, the IJ's determination that Mackie was not credible was supported by several inconsistences in his asylum applications and his testimony.

The IJ criticized Mackie for stating that he was divorced in his application for temporary protective status and, in that same application, listing information about his spouse Sonya. In addition, this application also contained a previously unreported larceny conviction. The IJ stated: "Again, these indicate that respondent tried to shape his story to the Immigration Service based upon what he thinks is going to happen to him at that particular time and what's in his best interest." As previously noted, Mackie's two asylum applications were entirely different and Mackie's statement that his father had attempted to sell a beach home proved untrue. Thus, these inconsistences support the IJ's adverse credibility determination.

Second, regardless of credibility, the IJ's denial of asylum is supported by reasonable, substantial, and probative evidence on the record. *Marku v. Ashcroft*, 380 F.3d 982, 986 (6th Cir. 2004). In his argument, Mackie recounts the facts surrounding his father's relationship with removed president Momoh. He intimated that he too had become involved in business and he was also associated with Momoh. Because of this close relationship, Mackie contends that it is not objectively or subjectively safe to return to Sierra Leone. Mackie reasons that he and his family would not leave such wealth in Sierra Leone if there was no danger to their lives. Mackie's argument does not demonstrate that he has suffered any past persecution and is not entitled to any presumption of future persecution or a well-founded fear of future persecution. This is based in part on a paucity of evidence showing that others like Mackie, either friends of Momoh or those of Lebanese ethnicity, are subject to persecution in Sierra Leone.

Mackie argues that the repeated use of the words "not credible" in the IJ's oral findings indicated personal vendetta or bias. Allegations of bias in removal hearings are reviewed *de novo. See Mikhailevitch v. INS,* 146 F.3d 384, 391 (6th Cir. 1998) (alleged due process violation reviewed

*de novo*).  An IJ warrants "broad discretion to control the manner of interrogation in order to ascertain the truth,"  *id.* (internal quotation omitted), and this court emphasizes that "[a] neutral judge is one of the most basic due process protections." *Reyes-Melendez v. INS,* 342 F.3d 1001, 1006 (9th Cir. 2003) (internal quotation omitted); *see also Ahmed v. Gonzales,* 398 F.3d 722, 725 (6th Cir. 2005) ("It is undisputed that petitioners in such proceedings are entitled to an unbiased arbiter who has not prejudged their claims.").

In *Hassan v. Gonzales*, we found that although inartful, the language used by the IJ was not enough to demonstrate bias against the petitioner. 403 F.3d at 436-37 (holding that the IJ's references to petitioner as completely unbelievable, inherently incredible, internally inconsistent, and nonsensical were not enough to demonstrate bias).  Similarly, while the IJ's language in this case arguably may have been terse, it does not demonstrate bias or that Mackie did not receive a fair and impartial hearing.  Mackie presented testimony that proved to be contradictory and inconsistent, and based upon the inconsistencies, the IJ denied him relief.  *See Shkabari v. Gonzales*,  427 F.3d 324, 330 (6th Cir. 2005) (inconsistency serves as a proper basis for the IJ's adverse credibility finding unless a reasonable adjudicator would be compelled to disagree).  We cannot say that Mackie's due process rights were violated.

Finally, Mackie requests voluntary departure as an alternative to removal.  Failure to exhaust an administrative remedy deprives this court of jurisdiction to review the issue.  *Hassan,* 403 F.3d at 432.  The IJ noted that such a request was not made, but had it been, it would have failed on the merits.  Therefore, we decline to review the issue.

PETITION DENIED.